S. S. BOONE, plaintiff in error, *vs.* J. D. COLLINS *et al.*, defendants in error.

Where the facts set up by the complainant do not show fraud in the original purchase, Courts of equity will not interfere to protect vendors from losses; and only in cases where fraud, unmixed with negligence upon the part of persons giving credit, will equity interpose its powers to aid the vendor in the assertion of his legal rights to prevent the consummation of fraud.

Equity. Fraud. Before Judge CLARK. Sumter county. February, 1871.

Boone filed a bill against Collins, making this case: In 1867 his agent sold Collins a piano at $575 00, if paid by the 1st of October, 1867, or $600 00 if not then paid for, and took Collins' note expressing the same. Collins was a farmer and offered warehouse acceptances as security, but his manner and surroundings satisfying Boone that he would pay, he would not take security. In fact, Collins then knew that he was insolvent and therefore acted fraudulently in this matter. Hearing, just before the note was due, that the debt was not safe, he called on Collins, who said he could not pay at maturity but would certainly do so in thirty days, and if anything " turned up" he would tell Boone. After the maturity of the note, Boone's agent called on one Hardwick, gave him a detailed statement of the facts and asked him to assist in securing the debt, to which he understood Hardwick to agree. Hardwick and Collins had been connected in business for a year or two last past, and the agent thought Hardwick might help him secure the debt. After this, say fifteen or twenty days after the note was due, Collins mortgaged the piano to Hardwick to pay him a real or pretended claim, without Boone's knowledge. Soon after, Boone's agent again called on Hardwick and was told by him that he, Hardwick, thought he would best secure Boone by taking said mortgage to himself, and if Collins was willing he would release the piano from the mortgage. Collins

being called on, said he was willing, and when the agent again called on Hardwick he said Collins was not willing.

Boone has offered to take back the piano and surrender the note, but Collins would not do so, and Collins is offering to sell the piano at $400 00 cash, a low price, with a view of getting ready to work Hardwick's farm with Hardwick. Hardwick having undertaken to act as Boone's friend, defrauds him by his said conduct. Collins is insolvent.

The prayer was that Hardwick's mortgage be cancelled and the trade between Boone and Collins be rescinded, and for injunction against a sale of the piano, etc. An order was issued requiring Collins and Hardwick to show cause why the injunction should not be granted. They demurred to the bill for want of equity, and the Chancellor dismissed it. That is assigned as error.

HAWKINS & BURKE; S. C. ELAM, for plaintiff in error.

C. T. GOODE, for defendants. No fraud is charged : 1 Story's Eq., secs. 204–210, inclusive.

LOCHRANE, Chief Justice.

This case comes before the Court on the complaint of Stephen S. Boone, to the judgment of the Court below dismissing a bill in equity, filed by him, in which he alleges that he had sold a piano to Collins, one of the defendants in error, under the following statement of facts alleged in the bill, to-wit: he regarded Collins as a substantial planter in said county, and that he was prudent and economical in the management of his affairs ; that at the time of the sale Collins offered warehouse acceptance, which he did not take, supposing Collins to be anticipating his cotton crop from April, the time of the trade, until the following October. The bill avers Collins at the time was insolvent, and that he knew it, and by subsequent averments he connects Hardwick, the other defendant, as a party to this bill, upon the ground, that he held a mortgage upon the piano, and a promise upon

the part of Hardwick to cancel the same if Collins was willing. The bill prays for a cancellation of the same, etc.

From an examination of this record we are of opinion that there was no equity in this bill. The facts stated do not show fraud in the original purchase. The language of Collins, and his offer to give warehouse acceptance were consistent with truth. He may have been embarrassed, and his cotton crop turned out less than he anticipated, or he may have become complicated by subsequent trades or losses, and it is not within the legitimate scope of a Court of equity to restrain insolvent men from making trades, or to protect vendors from the losses and consequences of bad trades; but only in cases where fraud, unmixed with negligence upon the part of the person giving credit, can equity interpose its power to prevent its consummation.

Judgment affirmed.